UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

```
                                        U.S. DISTRICT COURT
                                        DISTRICT OF VERMONT
                                              FILED
                                        2014 SEP 25 PM 2:16
                                              CLERK
                                        BY _____
                                            DEPUTY CLERK
```

| | |
|---|---|
| JONATHAN HORACE DODGE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MANCHESTER POLICE )<br>DEPARTMENT, MARTIN F. )<br>SWIRKO, CITIZENS BANK RBS, )<br>MAUREEN POWERS, MIKE )<br>DONAHUE, SERVICE CREDIT )<br>UNION, STEPHANIE FRASER, )<br>STATE OF NEW HAMPSHIRE, )<br>)<br>    Defendants. ) | Case No. 5:13-cv-228 |

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS**
(Doc. 5, 14, 19, 22)

*Pro se* plaintiff Jonathan Horace Dodge brings this § 1983 action against Defendants Manchester Police Department ("MPD"), Martin F. Swirko, Citizens Bank RBS ("Citizens Bank"), Maureen Powers, Mike Donahue, Service Credit Union ("SCU"), Stephanie Fraser, and the State of New Hampshire, alleging constitutional rights violations. Now pending before the Court are MPD and Sergeant Swirko's Motion to Dismiss for Lack of Jurisdiction, or in the alternative, Motion to Transfer Case to the U.S. District Court for New Hampshire (Doc. 5); SCU and Ms. Fraser's Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Doc. 14); Citizens Bank, Mr. Donahue, and Ms. Powers's Motion to Dismiss for Improper Venue (Doc. 19); and the State of New Hampshire's Motion to Dismiss for Failure to State a Claim (Doc. 22.) For

1

the reasons set forth below, all pending motions to dismiss (Docs. 5, 14, 19, and 22) are GRANTED.

I. Factual Background and Procedural History.

This case arises from events that occurred in 2008 and led to Mr. Dodge's conviction in the State of New Hampshire for issuing a bad check. (Doc. 4 at 3-4.) Mr. Dodge is currently in the State of Vermont's custody at Northeast Regional Correctional Facility in St. Johnsbury, Vermont awaiting extradition proceedings after he allegedly fled prior to sentencing in the New Hampshire criminal matter. *See Dodge v. State of New Hampshire*, No. 1:13-cv-222, Dkt. 11, slip op. at 4 (D. Vt. Dec. 6, 2013). Sergeant Swirko is an MPD detective who investigated the crime that resulted in Mr. Dodge's conviction. Ms. Powers and Mr. Donahue are employees of Citizens Bank in Medford, Massachusetts, and Ms. Fraser is an employee of SCU in Manchester, New Hampshire. (Doc. 4 at 1.)

For purposes of the pending motions to dismiss, the court assumes the facts as set forth in Mr. Dodge's Complaint. On March 29, 2008, Mr. Dodge cashed a check made out to him by Ellison Construction, Inc. at SCU's Manchester, New Hampshire location. (Doc. 4 at 2.) The check was drawn from a Citizens Bank account in Beverly, Ohio. (*Id.*) At the SCU teller's request, Mr. Dodge filled out a form and provided identification. (*Id.*) The teller verified the check and processed the transaction. (*Id.*) Later, the check was returned to SCU "unpaid," and Ms. Fraser ran a credit check on Mr. Dodge and "[d]ecided based upon the credit report that [Mr. Dodge] had written the check to himself." (*Id.*) Ms. Fraser then sent a "notice of dishonor" letter to Mr. Dodge's former address, assuming that the address Mr. Dodge used on the check cashing form was not correct. (*Id.*) Mr. Dodge did not receive the letter.

On November 6, 2008, Mr. Dodge was arrested for issuing a bad check. (*Id.*) The probable cause affidavit prepared by Sergeant Swirko in support of the arrest warrant incorrectly stated that Mr. Dodge's "real name" was "Brian Scott Smith," when in fact Mr. Dodge legally changed his name from "Brian Scott Smith" to "Jonathan Horace Dodge" in the State of New Hampshire in 1997. (Doc. 4 at 3.) Sergeant Swirko used the

2

name "Brian Scott Smith" to suggest that Mr. Dodge changed his identity to assist in his crime, creating "circumstantial evidence" that Mr. Dodge wrote the bad check. (*Id.*) Sergeant Swirko also falsely claimed that he could not physically locate Mr. Dodge for questioning and that when he went to Mr. Dodge's Weare, New Hampshire residence, Mr. Dodge would not come to the door. (*Id.*) Citizens Bank in Beverly, Ohio "would not cooperate with [Officer Swirko]" and therefore Sergeant Swirko "had a serious problem" because he could not prove an element of the crime. (*Id.*) Instead, Sergeant Swirko persuaded Defendant Citizens Bank in Massachusetts "to give a false stat[e]ment so [Sergeant Swirko] could make his case." (*Id.*)

On December 18, 2008, Sergeant Swirko falsely testified before the Hillsborough County Grand Jury that Mr. Dodge's real name was "Brian Scott Smith" despite admitting to Mr. Dodge on the day of Mr. Dodge's arrest that he was aware of the legal name change. (*Id.*)

Mr. Dodge brings his claims pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his Fourth, Eighth, and Fourteenth Amendment due process rights. The Complaint alleges that Defendants conspired together with Ross McLeod,[1] a New Hampshire state prosecutor, to create false evidence against Mr. Dodge or made false statements in order to "prevent [Mr. Dodge] from receiving a fair trial." (Doc. 4 at 7.) Sergeant Swirko also conspired with Mr. McLeod "to make up the lies told by McLeod in his final argument to the jury" (*Id.*) and violated Mr. Dodge's Fourth Amendment rights when he made false statements to the Hillsborough County Grand Jury. (Doc. 4 at 8.)

The Complaint further alleges that the State of New Hampshire and Mr. McLeod conspired to violate Mr. Dodge's Fourth Amendment rights when they "[intentionally] filed false affidavits with the State of Vermont" indicating that Mr. Dodge was wanted in the State of New Hampshire, when in fact, the New Hampshire Supreme Court had ordered that the charges against Mr. Dodge be dismissed. (*Id.*) The State of New

---

[1] Mr. McLeod is not named as a Defendant because, as the Complaint acknowledges, Mr. McLeod is entitled to absolute immunity in his official capacity as prosecutor and "cannot be sued in this action." (Doc. 4 at 7.)

3

Hampshire and Mr. McLeod also conspired to hold Mr. Dodge in custody in the Northeast Correctional Facility in Vermont in order to illegally extradite him to New Hampshire and "murder him" in order to "keep his mouth shut." (*Id.*)

With respect to Ms. Fraser, the Complaint alleges that she falsely reported to Sergeant Swirko that Mr. Dodge "had deposited a check payable to himself from Ellison [C]onstruction, Beverly[,] Ohio in the amount of [$]749.78." (Doc. 4 at 9.) Ms. Powers and Mr. Donahue also acted "in concert or collusion" with Sergeant Swirko to "scan[] the check into the Citizens Bank computer," and Ms. Powers then improperly stated in her affidavit that there was no record of Ellison Construction. (*Id.*)

Mr. Dodge seeks prospective injunctive relief and compensatory and punitive damages. (Doc. 4 at 9-10.)

At several points, the Complaint refers to a previous matter filed by Mr. Dodge in the District of New Hampshire against Sergeant Swirko, Manchester Police Officer Stephen Reardon, and prosecutor Ross McLeod while the New Hampshire criminal matter was still pending. *See Dodge v. Swirko*, No. 09-cv-421-PB, Dkt. 6, slip op. (D.N.H. May 24, 2010), *adopted* No. 09-cv-421-PB, Dkt. 7, slip op. (D.N.H. June 25, 2010). On June 25, 2010, under the same set of facts as appear here, Judge Barbadoro approved the Report and Recommendation of the Magistrate Judge dismissing without prejudice Mr. Dodge's Fourth and Fourteenth Amendment due process claims, in part, because Mr. Dodge's criminal case had not yet resolved. *Id.* Mr. Dodge also filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in this court, which Senior Judge J. Garvan Murtha dismissed on March 31, 2014 and is currently pending on appeal. *See Dodge v. State of New Hampshire*, No.13-cv-00222-jgm-jmc, Dkt. 18, slip op. (D. Vt. March 31, 2014).

The Complaint in this matter was filed on October 10, 2013 after the court granted Mr. Dodge *in forma pauperis* status. MPD and Sergeant Swirko move to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue, arguing that neither Defendant has sufficient minimum contacts with the State of Vermont and none of the events giving rise to the claim occurred in Vermont.

4

(Doc. 5 at 5-6.) In the alternative, MPD and Sergeant Swirko move for a transfer of venue pursuant to 28 U.S.C. § 1404. (Doc. 5 at 7.) Ms. Fraser and SCU also move to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue, stating similar grounds (Doc. 14 at 3-6), and move in the alternative for a transfer of venue pursuant to 28 U.S.C. § 1404. (Doc. 14 at 6.) Citizens Bank, Ms. Powers, and Mr. Donohue move to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. (Doc. 19 at 1-3.) The State of New Hampshire moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, arguing that the Eleventh Amendment bars Mr. Dodge's claims and he is otherwise not entitled to legal relief. (Doc. 22 at 3-5.) Mr. Dodge opposes the pending motions and moves for an evidentiary hearing, restating his legal claims and emphasizing the merits of his case. (Doc. 24.)

II.   **Conclusions and Analysis of Law.**

   A.   **State of New Hampshire's Motion to Dismiss.**

The State of New Hampshire moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing: (1) Mr. Dodge fails to state a claim upon which relief can be granted because the State of New Hampshire does not employ county prosecutors such as Mr. McLeod; (2) the State of New Hampshire is immune from suit under the Eleventh Amendment; and (3) Mr. Dodge fails to state a claim upon which relief can be granted because his did not file suit within the statute of limitations period. (Doc. 22.) The State of New Hampshire's Eleventh Amendment sovereign immunity argument is more properly construed as a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *Wake v. United States*, 89 F.3d 53, 57 (2d Cir. 1996) (explaining that sovereign immunity is "jurisdictional in nature" and constitutes grounds for dismissal pursuant to Rule 12(b)(1)). Therefore, the court will address this argument first. *See Rhulen Agency, Inc. v. Alabama Ins. Guaranty Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (citation omitted) ("The court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.").

5

The Eleventh Amendment states: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has interpreted this provision to bar suits against state governments by a state's own citizens as well as by citizens of another state. *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890). Therefore, unless a state consents to suit or provides an express or statutory waiver of immunity, the Eleventh Amendment bars suits in federal court against state governments. *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

A waiver of Eleventh Amendment immunity by a state must be unequivocally expressed. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The State of New Hampshire has preserved its immunity under the Eleventh Amendment. *See* N.H. Rev. Stat. § 99-D:1 ("The doctrine of sovereign immunity of the state…is hereby adopted as the law of the state.").[2] Therefore, all of Mr. Dodge's claims against the State of New Hampshire, which he brings pursuant to 42 U.S.C. § 1983, are barred by the State of New Hampshire's sovereign immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989) (holding Section 1983 does not override immunity of the States). Accordingly, the State of New Hampshire's motion to dismiss is GRANTED pursuant to Fed. R. Civ. P. 12(b)(1), and all claims against the State of New Hampshire are DISMISSED WITHOUT PREJUDICE. The court need not reach the State of New Hampshire's other arguments regarding Mr. Dodge's failure to state a claim against it upon which relief can be granted.

---

[2] The Eleventh Amendment applies to claims against a state or state agency brought in federal court, but does not preclude claims against a state or state agency brought in state court. *See, e.g.,* N.H. Rev. Stat. § 541-B:1 (granting jurisdiction over claims against state agencies, agents, employees, and officials to state board of claims or state superior court depending upon amount of claim).

### B. Rule 12(b)(2) Motions to Dismiss.

MPD, Sergeant Swirko, Ms. Fraser, and SCU all move to dismiss, arguing that this court lacks personal jurisdiction over them. (Doc. 5 at 4; Doc. 14 at 3-5.) Defendants argue, and the court agrees, that Mr. Dodge does not allege that any of these Defendants resides in, does business in, or otherwise has sufficient minimum contacts with Vermont. Nor does Mr. Dodge argue in his Opposition memorandum that personal jurisdiction exists. The only apparent relationship between this case and the State of Vermont is Mr. Dodge's presence in Vermont as an inmate at Northeast Correctional Facility in St. Johnsbury.

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendants. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). In the absence of jurisdictional discovery, the court presumes the truth of the complaint's allegations and construes the complaint in the light most favorable to the plaintiff. *DiStefano v. Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). A plaintiff must make a *prima facie* showing of jurisdiction. *Id*.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014); *see also PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) (explaining that forum state's personal jurisdiction statute applies except where federal statutory claims provide for national service of process). If the exercise of jurisdiction complies with the forum state's statutes, the court then determines whether exercising jurisdiction satisfies due process. *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999).

"Vermont's long-arm statute, 12 V.S.A. § 913(b), confers jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." *Dall v. Kaylor*, 658 A.2d 78, 79 (Vt. 1995). Accordingly, the court need only examine whether the exercise of jurisdiction comports with federal due process. Due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial

justice." *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (citations and internal quotations omitted). The analysis requires the court to apply the "minimum contacts" test, followed by a "reasonableness" inquiry. *Bank Brussels Lambert*, 305 F.3d at 127; *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).

The Supreme Court recognizes two types of minimum contacts that satisfy the *International Shoe* test: contacts with the forum state that confer general jurisdiction and those that confer specific jurisdiction. *See Daimler AG*, 134 S. Ct. at 754 (explaining origins of specific and general jurisdiction). General jurisdiction exists where "a foreign corporation's continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Id.* (citing *Int'l Shoe*, 326 U.S. at 318).

Specific jurisdiction exists where a defendant without continuous and substantial contacts has "purposefully directed [its] activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotation marks omitted) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984) and *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). In *Burger King*, the Supreme Court explained:

> Th[e] purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State.

*Burger King*, 471 U.S. at 475. The defendant must "deliberately" engage in significant activities in the forum state for minimum contacts to exist. *Id.* at 476.

If the requisite minimum contacts are established, the court must then determine, per *International Shoe*, whether asserting personal jurisdiction would offend "traditional notions of fair play and substantial justice." In making this determination, the court considers factors such as: (1) the burden on the defendant in litigating in an out-of-state

8

forum; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in securing convenient and effective relief; (4) the interstate judicial system's interest in obtaining convenient and effective relief; and (5) the shared interest of the states in furthering substantive social policies. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292-94 (1980).

Applying these principles, the court finds that Mr. Dodge does not meet his burden of alleging sufficient minimum contacts necessary for this court to assert personal jurisdiction over the moving Defendants. Aside from Mr. Dodge's current presence in Vermont, the only allegation in the Complaint relative to Vermont is Mr. Dodge's claim that the State of New Hampshire, through Mr. McLeod, filed false affidavits in support of Mr. Dodge's arrest in Vermont. (Doc. 4 at 8.)

All of the events giving rise to Mr. Dodge's claims against MPD, Sergeant Swirko, SCU, and Ms. Fraser either occurred in the State of New Hampshire, or arguably, in the State of Ohio. Nor does Mr. Dodge allege that any of their conduct was "calculated to cause injury" to him in Vermont. *See, e.g., Calder v. Jones*, 465 U.S. 783, 789 (1984) (applying "effects" test for specific jurisdiction where forum state was "the focal point both of the story and of the harm suffered.") The fact that Mr. Dodge was present in Vermont when he filed his Complaint does not alter this analysis. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.").

Because Mr. Dodge is self-represented, his "complaint[] must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted). Therefore, the court also considers whether general jurisdiction over SCU exists on the basis of a continuous corporate tie within the State of Vermont. *See, e.g., Daimler AG*, 134 S. Ct. at 754 (citing *Int'l Shoe*, 326 U.S. at 318) (general jurisdiction exists where "continuous corporate operations" are "so substantial and of such a nature as to justify

suit against it on causes of action arising from dealings entirely distinct from those activities.").

In support of its motion to dismiss, SCU provided the unopposed affidavit of Patrick E. Harrigan, SCU's Vice President of Regulatory Compliance and General Counsel, describing SCU's domicile status. (Doc. 14-1.) Adopting Mr. Harrigan's statements, the court hereby finds that SCU is a New Hampshire state-chartered credit union with a principal place of business in New Hampshire. (*Id*.) SCU may only serve persons who reside or work in New Hampshire, unless an individual is a military member. SCU does not have any offices, branch locations, ATMs, or employees located in the State of Vermont, nor does it solicit business or advertise in the State of Vermont. (*Id*.) Of its 181,637 members, only 3,801 members are from Vermont, which may include persons who work in New Hampshire or are active or retired military members. (*Id*.)

In order to assert general jurisdiction over a foreign or sister-state corporation, the entity's contacts with the forum state must be "so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). Where a defendant foreign entity does not perform operations or solicit business within the forum state, continuous and systematic general business contacts necessary to confer general jurisdiction do not exist. *See Helicopteros*, 466 U.S. at 416-418. Deriving a relatively small amount of revenue from individuals residing in the forum state does not on its own render a foreign entity "essentially at home" in the forum state for purposes of asserting general jurisdiction. *See Jenkins v. Miller*, 983 F. Supp. 2d 423, 442 (D. Vt. 2013) (concluding that where amount of revenue derived from Vermont students attending defendant university was "relatively small" and no other contact with Vermont existed, existence of Vermont students insufficient to confer general jurisdiction). Like the defendant entity in *Jenkins*, the relatively small number of SCU members who happen to reside in Vermont are not sufficient to render SCU "essentially at home" in Vermont, such that SCU may be haled into court in Vermont.

Having concluded that sufficient minimum contacts do not exist with respect to SCU or any of the other moving Defendants, the court need not reach the issue of whether litigating this matter in Vermont would offend traditional notions of fair play and substantial justice. Nonetheless, the court concludes that the burden on these New Hampshire-based Defendants litigating this case in Vermont is far greater than any interest the State of Vermont might have in serving as the forum state where all of the facts and circumstances giving rise to the Complaint occurred in New Hampshire. Notably, Mr. Dodge has already brought suit against Sergeant Swirko in the District of New Hampshire on claims arising from the same set of facts. Because MPD, Sergeant Swirko, Ms. Fraser, and SCU do not have sufficient minimum contacts with Vermont and asserting jurisdiction over them would offend traditional notions of fair play and substantial justice, MPD and Sergeant Swirko's motion to dismiss for lack of personal jurisdiction and Ms. Fraser and SCU's motion to dismiss for lack of personal jurisdiction are GRANTED. All claims against MPD, Sergeant Swirko, Ms. Fraser, and SCU are DISMISSED WITHOUT PREJUDICE. Fed. R. Civ. P. 12(b)(2).

### C.  Rule 12(b)(3) Motion to Dismiss.

Citizens Bank, Ms. Powers, and Mr. Donohue ("Citizens Bank Defendants") move to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue and, in the alternative, move for a transfer of venue. The Citizens Bank Defendants argue that venue is not proper because all of the facts giving rise to the claims against them occurred in New Hampshire and not all of the Defendants reside in Vermont.

The standard of review on a Rule 12(b)(3) motion to dismiss for improper venue is the same standard as that for a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). The plaintiff must make a *prima facie* showing of venue where the court relies only upon the pleadings and any accompanying affidavits. *Id. See also, Friedman v. Revenue Mgmt. of New York, Inc.*, 38 F.3d 668, 672 (2d Cir. 1994) (plaintiff bears burden). A civil action is properly brought:

> in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The venue statute must be strictly construed. *Gulf Ins.*, 417 F.3d at 357.

The first prong, § 1391(b)(1), confers venue only where *all* defendants reside in the state in which the plaintiff chooses to file suit. In 2011, Congress amended this subsection to clarify the residency requirement. *See* H.R. Rep. No. 112-10 at 19 (2011) ("This subsection is intended to limit venue in multiple-defendant cases to a district of the state in which all defendants reside . . . ."); *see also Directory Assistance, Inc. v. Healthmart USA, LLC*, No. 3:11-CV-801 MPS, 2013 WL 1748083 (D. Conn. Apr. 23, 2013) (explaining that 2011 amendment intended to clarify residency requirement and citing pre-2011 cases requiring all defendants to reside in the state in which district is located). Mr. Dodge does not allege, nor does the record otherwise suggest, that all of the Defendants reside in Vermont. Citizens Bank, however, is a corporation, and it does not deny that it is subject to personal jurisdiction within Vermont. Its branch offices are common sights throughout the state. Section 1391(c) defines "residence" for purposes of corporations as co-extensive with personal jurisdiction. 28 U.S.C. § 1391(c). There can be little question that but-for the remaining nonresident Defendants (Ms. Powers and Mr. Donahue), Citizens Bank would be subject to venue in Vermont. Nonetheless, because not all of the Defendants are residents of Vermont, the first prong of venue statute, § 1391(b)(1), does not apply.

The second prong, §1391(b)(2), confers venue only in the judicial district "in which a substantial part of the events or omissions giving rise to the claim" occurred. 28 U.S.C. § 1391(b)(2). To apply this subsection, the district court must engage in a two-

step inquiry, identifying the "acts or omissions that the plaintiff alleges give rise to [plaintiff's] claims" and "whether a substantial part of those acts or omissions occurred in the district where suit was filed." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005). It is undisputed that all of the acts and omissions giving rise to Mr. Dodge's claims against these Defendants occurred in New Hampshire.

Mr. Dodge also cannot rely upon the third prong, § 1391(b)(3), because this subsection confers venue only where "there is no judicial district in which an action may otherwise be brought." 28 U.S.C. § 1391(b)(3). Mr. Dodge has previously filed suit in the District of New Hampshire clearly demonstrating that venue is available to him in that District. Furthermore, Mr. Dodge does not allege his claims cannot be brought in another district.

Because the remaining nonresident Defendants render venue improper, the court faces a choice among dismissing the action without prejudice; transferring the case to New Hampshire (or another district in which venue is proper as to all remaining Defendants); or severing the claims against Citizens Bank and dismissing or transferring the claims against Ms. Powers and Mr. Donahue. *See* 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3807, n. 21 (4th ed. 2014). Of these three choices, the only practical one is dismissal without prejudice. This course preserves the plaintiff's right to sue Citizens Bank in Vermont if he chooses.[3] The alternative of transfer has little appeal since the District of New Hampshire has already disposed of some part of plaintiff's claims. He may choose to refile in New Hampshire against the Defendants who reside in that state, but this court will not appear to endorse such an action through transfer. Accordingly, all claims against Citizens Bank, Ms. Powers, and Mr. Donahue are DISMISSED WITHOUT PREJUDICE for improper venue.

---

[3] Since the real focus of plaintiff's claim appears to be his former probation officer and other state employees, bringing suit against Citizens Bank alone seems like an unlikely course but it remains open to him. Furthermore, nothing in the complaint suggests that Citizens Bank is a state actor for purposes of Mr. Dodge's § 1983 claims.

### D. Leave to Amend.

The Second Circuit has held that district courts should not dismiss the claim of a self-represented party without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002); *see also* Fed. R. Civ. P. 15(a)(2) ("[T]he court should freely give leave [to amend] when justice so requires"). However, leave to amend the complaint is not required where an amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). The court finds granting leave to amend would be futile in this case because the jurisdictional defects identified by Defendants cannot be remedied with better pleading. Furthermore, other grounds for dismissal cited by Defendants would impede Mr. Dodge's ability to proceed in this forum against these Defendants with his present claims.

## CONCLUSION

For the reasons set forth above, MPD and Sergeant Swirko's Motion to Dismiss for Lack of Jurisdiction (Doc. 5) is GRANTED; SCU and Ms. Fraser's Motion to Dismiss for Lack of Jurisdiction (Doc. 14) is GRANTED; Citizens Bank, Mr. Donahue, and Ms. Powers's Motion to Dismiss for Improper Venue (Doc. 19) is GRANTED; and the State of New Hampshire's Motion to Dismiss for Failure to State a Claim (Doc. 22) is GRANTED. Accordingly, this case is DISMISSED WITHOUT PREJUDICE. SO ORDERED.

Dated at Rutland, in the District of Vermont, this 25 day of September, 2014.

_____
Geoffrey W. Crawford, Judge
United States District Court